UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>TIMOTHY BIDDY,<br>         Defendant. | CRIMINAL ACTION<br>NO. 17-40011-TSH |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**
March 19, 2021

**HILLMAN, D.J.,**

### Background

Timothy Biddy ("Mr. Biddy") pled guilty to attempt to of travel with intent to engage in illicit sexual conduct in violation of 18 U.S.C. §2423 (Count I) and attempted transfer of obscene material to a minor in violation of 18 U.S.C. § 1470 (Count II). On September 19, 2017, he was sentenced at the low end of the guidelines to seventy-two months' imprisonment followed by five years of supervised release. As of the date of this Order, he has completed over two thirds of his sentence and is set to be released on December 20, 2021.[1]

On December 4, 2020, Mr. Biddy filed a motion for compassionate release pursuant to 18 U.S.C. § 3582 (Docket No. 48) due to the ongoing pandemic. In support of his motion, Mr. Biddy

---

[1] This projected release date assumes that Mr. Biddy receives the maximum good time credit for which he is eligible.

cited to the danger that COVID-19 poses to his health and safety while incarcerated at MDC Brooklyn. More specifically, Mr. Biddy is obese which places him at high risk to suffer serious complications should he contract COVID-19 and at the time he filed his motion, MDC Brooklyn had 36 inmates and 5 staff members actively positive with COVID-19. At the hearing, the parties indicated that Mr. Biddy was at the Federal Correctional Institution in Otisville, New York ("FCI Otisville") which, on that date, had 3 inmates and 6 staff members actively positive for COVID-19. FCI Otisville currently has 15 inmates and 16 staff members actively positive with the virus.[2] While largely under control, the conditions at FCI Otisville are serious and must be balanced against the following facts: Mr. Biddy is 41 years old (which does not place his at higher risk) and is obese (which places him at higher risk) and has served about two thirds of a 72-month sentence. After balancing the applicable factors discussed more fully below, I have determined that Mr. Biddy has not met his burden to show the existence of extraordinary circumstances warranting release under 18 U.S.C. § 3582(c)(1)(A).

## Discussion

Section 3582(c) begins with the general principle that a "court may not modify a term of imprisonment once it has been imposed ... ." Upon motion of the Director of the Bureau of Prisons or a defendant[3], however, a court may "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling

---

[2] According to the Bureau of Prisons' website, Mr. Biddy is currently incarcerated at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"). If that is the case, FCI Danbury currently has 0 inmates and 1 staff member positive for COVID-19, which is a significant decrease in positive cases at that facility. My conclusion would be the same regardless of whether Mr. Biddy is at FCI Otisville or FCI Danbury.

[3] Mr. Biddy had exhausted his administrative remedies with MDC Brooklyn. It is not clear whether Mr. Biddy filed or was required to file a request for release with the warden at FCI Otisville prior to filing the instant motion. In any event, I will assume he has exhausted his administrative remedies.

reasons warrant such a reduction." *Id.* § 3582(c)(1)(A). Mr. Biddy argues that the fact that he suffers from a medical condition (obesity) that place him in a higher risk category should he contact the virus, and the situation at FCI Otisville where he is currently incarcerated, constitute extraordinary and compelling reasons justifying his release. After considering the current and potential prospective impact of the pandemic together with an individualized assessment of relevant factors as they pertain to Mr. Biddy — (1) his health condition that places him at increased risk of serious illness or death from COVID-19; (2) the health, safety, and living conditions at the facility where he is housed, any specific crowding issues, and the specific steps taken by the facility in response to the spread of COVID-19; and (3) the crime of conviction and length of his remaining sentence— for the reasons set forth below, I find that he has not met his burden.

Individuals like Mr. Biddy are at risk of exposure to the virus. While FCI Otisville has undertaken extensive measures to protect its inmates, recent statistics show that, despite the prison's best efforts, the virus can appear suddenly and spread quickly in the prison population. While I cannot find that Mr. Biddy's risk of exposure is insignificant, based on the current number of positive cases, it appears that FCI Otisville has the recent outbreak under control. Nevertheless, for purposes of this Order, I will assume that Mr. Biddy meets the criteria for establishing compelling and extraordinary circumstances warranting compassionate release. However, this does not end the inquiry, I must also consider "the factors set forth in section 3553(a) to the extent they are applicable" and determine whether release would be consistent with such factors.

Mr. Biddy has served a significant amount of his 72-month sentence (which weighs in favor of release). However, I find that Mr. Biddy would pose significant danger to the public if released, and that release at this time would minimize the seriousness of the crimes for which he was

3

convicted.[4] On balance, his release at this time is not consistent with the §3553(a) factors. Accordingly, his motion for compassionate release is *denied.*

## Conclusion

Defendant's Motion For Compassionate Release (Docket No. 48) is ***denied***.

**SO ORDERED**

                                          **/s/ *Timothy S. Hillman***
                                          **Timothy S. Hillman**
                                          **UNITED STATES DISTRICT JUDGE**

---

[4] Mr. Biddy originally proposed that he would live at the home he resided in prior to his incarceration. After objection by the probation department, he instead proposes that he be released to a Residential Re-entry Center. I do not find that such placement would be sufficient to protect the community.